UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ozark MHP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-248-SEP |
| City of Arnold, Missouri, | ) ) ) |
| Defendant. | ) ) |

## MEMORADUM AND ORDER

Before the Court is Defendant's Motion to Dismiss. Doc. [9]. For the reasons set forth below, the Court will order Plaintiff to show cause why its equal protection claim should not be dismissed.

### FACTS AND BACKGROUND[1]

In February 2022, Plaintiff purchased a 13-acre, 135-lot mobile home park ("Park") in Arnold, Missouri. Doc. [1] ¶¶ 6-7. Plaintiff "owns and leases manufactured homes within the Park, and also leases pad sites for occupant-owned manufactured homes located in the Park." *Id*. ¶ 3. On July 10, 2023, Plaintiff "submitted eight manufactured home placement permit applications to the City for new homes to be located within the Park, either to fill vacant pad sites or replace existing homes." *Id*. ¶ 33. The City informed Plaintiff that, pursuant to Section 500.030(C)(5)(a) of the City Code ("the Code"), the City would not process the applications "unless and until [Plaintiff] consented to and facilitated warrantless inspections of all homes in the community and obtained an occupancy permit for the entire Park." *Id*. ¶ 37. Section 500.030(C)(5)(a) states:

> *Section 114.1 Occupancy Permit Required.*
>
> It shall be unlawful for any person, owner, agent, or tenant thereof, both jointly and severally, to, in whole or in part, purchase, transfer, mortgage, lease, or acquire, occupy or use, manage, or to permit occupancy or use of the premises for any purpose, including the movement of furniture, equipment or other personal property into said premises, until a permit to occupy has been issued by the code official stating that the premises, including all real and personal property there located, and all uses thereon complies with the provisions of this technical code and the

---

[1] The Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

provisions of the Arnold Municipal Code of Ordinances. Manufactured home parks and individual manufactured homes shall comply with the requirements of this section.

*Section 114.4 Action on an application.*

No action shall be taken to issue a permit until there is an inspection of the premises, including the interior and exterior of all property, both real and personal, located thereon, and a property maintenance inspection report less than ninety (90) days old on file with the City.

*Id.* ¶ 21.[2]

On February 16, 2024, Plaintiff filed suit against the City. *See id.* Plaintiff claims that the Code violates the Fourth Amendment and the unconstitutional conditions doctrine. Plaintiff also claims that the City's "disparate and discriminatory treatment of Plaintiff with respect to the City's application and enforcement of [the Code]" violates the Equal Protection Clause of the Fourteenth Amendment. Plaintiff asks that the Court declare the Code unconstitutional and award Plaintiff damages. Defendant moves to dismiss Plaintiff's Complaint. *See* Doc. [9].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure

---

[2] At the time Plaintiff purchased the Park in February 2022, Section 540.010 of the City Code provided:

> C. It shall be unlawful for the owner of any structure to sell, transfer, mortgage, lease or otherwise dispose of said structure or any part thereof to another until he/she shall have secured a certificate of compliance for the entire structure and premises from the Community Development Department and advised the grantee or lessee that said grantee or lessee must secure an occupancy permit if he/she is to occupy the premises, except as provided in Subsection (F) of this Section; and except that in the case of existing duplexes and multi-family structures, as well as individual units within non-residential structures, the owner shall secure a certificate of compliance for the interior of the individual unit to be disposed and the entire exterior of the structure and premises.
>
> D. It shall be unlawful for any person, firm or corporation to hereinafter occupy, or for any owner or agent thereof to permit the occupancy of any structure, or part thereof, for any purpose until an occupancy permit shall have been issued by the Community Development Department.
>
> E. Upon written request from the owner of an existing building or structure, the Community Development Department shall issue a certificate of compliance, provided that inspection of the structure and premises reveals no violations of this Chapter nor the codes adopted herein and that no orders of the Community Development Department are pending.

Doc. [1] ¶ 19.

2

8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pleaded factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The well-pleaded facts must establish more than a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pleaded factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted).

## Discussion

Defendant appears to make four separate arguments in its motion to dismiss: (1) "Plaintiff lacks standing to raise the issue of 'warrantless searches'"; (2) "Defendant is not performing 'warrantless' searches, as the Defendant is not inspecting for criminal activity"; (3) Plaintiff fails to allege "how it was damaged or in what form it was allegedly damaged as a result of the Defendant's actions"; and (4) there is a rational basis for the City's treatment of mobile home communities.  Doc. [9] at 1-3.  The Court will address each argument in turn.

**I.      Plaintiff has Article III standing to bring its claims.**

Defendant argues that Plaintiff lacks Article III standing to bring a cause of action on behalf of the owners of the mobile homes.  Doc. [9] at 3.  That argument fails.

To establish Article III standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024).  Here, Plaintiff has alleged that the City denied its applications for permits to bring in new manufactured homes into the Park, and that such denial will continue unless and until Plaintiff agrees to the warrantless inspections of the entire park *owned* by Plaintiff, the individual homes *owned* by Plaintiff, and the pad sites *owned* by Plaintiff.  Such allegations clearly satisfy the injury-in-fact requirement.  The other two elements are met as well:  Plaintiff's injury is traceable to Defendant, as the City is the one who promulgates and enforces the inspection codes, and Plaintiff's injury would be redressed by a finding that the City's ordinance is unconstitutional.

**II.     Defendant's argument that the searches cannot be "warrantless" searches is waived.**

Defendant argues that it is "not performing 'warrantless' searches, as the Defendant is not inspecting for criminal activity."  Doc. [9] at 3.  The City cites no legal authority for its position, which appears to be in tension with Fourth Amendment doctrine as articulated by the United States Supreme Court.  *See, e.g.*, *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 312 (1978) ("Fourth Amendment prohibition against unreasonable searches protects against warrantless intrusions during *civil* as well as criminal investigations." (emphasis added)).  Because the City has provided no argument or authority for its argument, the Court finds that it is waived.  *See Jacam Chem. Corp. 2013, LLC v. Shepard*, 101 F.4th 954, 963 (8th Cir. 2024) ("A party may not make bare-bones assertions 'hoping that [the Court] will do its work for it by developing the argument and putting flesh on its bones.'" (quoting *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 324 (8th Cir. 2018))); *Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000) (issue waived where it was "mention[ed] in passing" with no "argument or legal authority").

**III.    Plaintiff has sufficiently alleged damages.**

Defendant also argues that Plaintiff has failed to "identif[y] in what manner it was damaged, or how it quantifies those damages."  Doc. [9] at 1.  That argument also fails.  Plaintiff

4

has alleged that Defendant denied its applications for permits because Plaintiff would not agree to warrantless inspections. *See* Doc. [1] ¶¶ 34-56. A reasonable inference from Plaintiff's well-pleaded allegations is that Plaintiff has lost rental income as a result of the City's enforcement of the allegedly unconstitutional ordinances. Defendant cites no authority for its claim that more is required to survive a motion to dismiss.[3]

### IV.     **Plaintiff must show cause why its equal protection claim should not be dismissed.**

Plaintiff alleges that "the City intentionally treats manufactured home communities and their owners, including Plaintiff, differently from other property owners similarly situated, such as single-family homes, duplexes and similar residential communities," Doc. [1] ¶ 83, and that there is no rational basis for this "disparate and discriminatory treatment," *id*. ¶ 91. Plaintiff brings its equal protection claim under a "class of one" theory and a selective enforcement theory. *See Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) ("A class-of-one claim is stated when a plaintiff alleges that a defendant intentionally treated [it] differently from others who are similarly situated and that no rational basis existed for the difference in treatment."); *Palmore v. City of Pac.*, 851 F. Supp. 2d 1162, 1170 (E.D. Mo. 2010) ("The Equal Protection Clause also prohibits the selective enforcement of the law based on 'unjustifiable' factors." (citing *United States v. Deering*, 179 F.3d 592, 594 (8th Cir. 1999))).

Because Plaintiff's claim does not involve a suspect class or a fundamental right, it is subject to rational basis review. *See Gilmore v. Cnty. of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005) ("When an equal protection claim is neither based on a "suspect class" or grounded in a fundamental right, it is subject to a rational basis review."); *Palmore*, 851 F. Supp. 2d at 1170 ("Just as a 'class of one' claim analysis, a 'selective enforcement' claim is also subject to a rational basis scrutiny (where as here no suspect class or fundamental right is involved)."). Under rational basis review, the Court will not overturn government action "unless the varying treatment of groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the Court] can only conclude that the government's actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (cleaned up).

---

[3] Plaintiff will provide Defendant with "a computation of each category of damages claimed" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered," pursuant to Federal Rule of Civil Procedure 26(a)(1)(a)(iii).

Defendant moves to dismiss arguing that, even if Plaintiff could demonstrate that a similarly situated owner is treated differently, there is a rational basis for the Code. Doc. [9] at 2. Defendant states:

> Safety and fire standards as they pertain to mobile home communities have changed drastically since the 1960s. Situating mobile homes too close to one another or too close to the street increases the likelihood of fire damage and puts the public health and safety at risk. Adhering to advancements in technology, equipment, and planning makes mobile home communities and the general public safer and healthier.[ ] Further, expanding the pads or placing the mobile homes closer to the road than current setback standards make it difficult to impossible for fire trucks to navigate the roads, make turns, and service citizens. The health, safety, and welfare of the citizens is a legitimate government purpose for which the Defendant can regulate.

*Id*. at 2-3. Defendant further notes that "[m]obile homes, particularly older mobile homes, are constructed with materials that are not as fire resistant as stick-built structures[, and] [w]hen placed in close proximity, the risk that an isolated fire could spread to a neighboring structure is exponentially higher than a single-family/stick-built structure. [Thus,] [m]eeting modern setback requirement reduces the likelihood of fire spreading and protects the public health and safety." *Id*. at 3 n. 1.

> In response, Plaintiff points to the following allegations in its Complaint:
>
> There is no rational basis for the City's disparate and discriminatory treatment of manufactured home parks as compared to similarly situated properties.
>
> There is no rational basis for the City to single out a manufactured home park by requiring a park-wide and individual home inspection of each and every home in the Park in order to simply bring in one new home or replace an older manufactured home when such replacement home can be inspected.
>
> There is no rational basis to condition the issuance of one single manufactured home placement permit on inspections of other homes in the Park, such condition not being related to the public health, welfare or safety.

Doc. [1] ¶¶ 91-93. Plaintiff then goes on to argue that "[i]n any case . . . [b]ecause a Rule 12(b)(6) motion to dismiss is a test of the adequacy of the Complaint, the Court should not consider the City's 'rational basis' argument relying on unsupported facts alleged by the City in the motion itself." Doc. [13] at 14.

Plaintiff misunderstands its burden. The Eighth Circuit has held that "because all that must be shown is any reasonably conceivable state of facts that could provide a rational basis for the classification, it is not necessary to wait for further factual development in order to conduct a

6

rational basis review on a motion to dismiss." *Gilmore*, 406 F.3d at 937 (8th Cir. 2005) (cleaned up).  While the Court must "view facts alleged in the complaint as true, [the Court must also] recognize that 'a legislative choice . . . may be based on rational speculation unsupported by evidence or empirical data.'" *Id*. (quoting *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004)).  Plaintiff has the burden of proving "that the classification is so attenuated to its asserted purpose that the distinction it draws is wholly arbitrary and irrational." *Id*. at 939 (quoting *Chance Mgmt., Inc. v. South Dakota*, 97 F.3 1107, 1114 (8th Cir. 1996)).  "[Plaintiff] must, therefore, also negate 'every conceivable basis which might support' the classification." *Id*. (quoting *Indep. Charities of Am., Inc. v. Minnesota*, 82 F.3d 791, 797 (8th Cir. 1996)).

      In light of the foregoing, Plaintiff will be given an opportunity to show cause why its equal protection claim should not be dismissed.

      Accordingly,

      **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [9], is **DENIED.**

      **IT IS FURTHER ORDERED** that, **no later than April 4, 2025**, Plaintiff must show cause why its equal protection claim should not be dismissed.  Defendant may respond to Plaintiff's memorandum **no later than April 18, 2025**.  No reply will be filed without leave of the Court.

      Dated this 24th day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE